J-S03030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| LEON D. BODLE | : | |
| Appellant | : | No. 382 MDA 2023 |

Appeal from the PCRA Order Entered February 22, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001997-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| LEON D. BODLE | : | |
| Appellant | : | No. 383 MDA 2023 |

Appeal from the PCRA Order Entered February 22, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0002072-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| LEON D. BODLE | : | |
| Appellant | : | No. 384 MDA 2023 |

Appeal from the PCRA Order Entered February 22, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000743-2009

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: ARPIL 30, 2024**

Appellant Leon D. Bodle appeals *pro se* from the order denying his serial Post Conviction Relief Act[1] (PCRA) petition as untimely. On appeal, Appellant contends that he has pled and proven an exception to the PCRA's jurisdictional time bar. Appellant further alleges legal error on the part of the PCRA court and ineffective assistance of prior PCRA counsel. We affirm.

The underlying facts of these cases are well known to the parties. ***See Commonwealth v. Bodle***, 32 A.3d 286 (Pa. Super. filed July 29, 2011) (unpublished mem.); ***Commonwealth v. Bodle***, 2251 MDA 2012, 2014 WL 11017339 (Pa. Super. filed Jan. 8, 2014) (unpublished mem.). Briefly, Appellant was convicted and sentenced for multiple offenses at three separate docket numbers based on allegations that he solicited minor victims to commit sexual acts, possessed child pornography, unlawfully communicated with minors, and sexually abused three minor victims.

At Docket No. 743-2009, this Court affirmed Appellant's sentence in 2011, and our Supreme Court denied further review in 2013. ***Commonwealth v. Bodle***, 32 A.3d 286 (Pa. Super. filed July 29, 2011) (unpublished mem.), *appeal denied*, 65 A.3d 412 (Pa. filed April 24, 2013). At Docket Nos. 1997-2008 and 2072-2008, this Court affirmed Appellant's sentences in 2014 and Appellant did not seek further review. ***See Commonwealth v. Bodle***, 2251 MDA 2012, 2014 WL 11017339 (Pa. Super.

---

[1] 42 Pa.C.S. §§ 9541-9546.

filed Jan. 8, 2014) (unpublished mem.). Appellant subsequently filed multiple PCRA petitions at all three docket numbers, all of which were ultimately denied.

Appellant filed the instant *pro se* PCRA petition at all three docket numbers on June 17, 2022. On January 14, 2023, the PCRA court entered a Pa.R.Crim. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. The PCRA court dismissed Appellant's petition on February 22, 2023. Appellant filed timely notices of appeal.[2] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the PCRA court erred in ruling [] Appellant's PCRA [petition] as untimely when he exercised due diligence despite due diligence no longer being required of incarcerated individuals?

2. Whether the PCRA court erred in denying [Appellant's] request to have evidence examined by a forensic expert at his own expense, and therefore denying him due process?

3. Whether the PCRA court erred when it improperly denied [] Appellant's PCRA [petition] and accompanying motions by failing to fully evaluate the facts when exceptional circumstances do exist including probable police and prosecutorial misconduct making it desirable in the interest of justice?

4. Whether a strong *prima facie* showing was demonstrated that a miscarriage of justice did occur?

---

[2] The record reflects that Appellant filed separate notices of appeal at each docket number in compliance with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), and its progeny. On March 28, 2023, this Court entered an order consolidating Appellant's appeals. Order, 3/28/23 (*per curiam*).

5. Whether the PCRA court erred in not appointing counsel for []
   Appellant's PCRA [petition] in light of exceptional
   circumstances existing of probable police and prosecutorial
   misconduct, which makes it desirable in the interest of justice?

6. Whether the PCRA court erred in denying [Appellant's] request
   for documents making it more difficult to advance his claims,
   and therefore denying him due process?

7. Whether the PCRA court erred in its use of Pa.R.Crim.P. 907
   where the Pennsylvania Supreme Court abandoned its
   approach to preservation of post-conviction relief using Rule
   907?

8. Whether previous PCRA counsel was [ineffective] for not being
   cognizant of Appellant's trial counsel being investigated,
   arrested, and eventually convicted of a sex crime, and
   therefore presenting a conflict of interest, in addition to a lack
   of morals, character, values, and a lack of candor to the trial
   court itself to properly represent [Appellant]?

Appellant's Brief at 6 (formatting altered).

In his first claim, Appellant argues that the PCRA court erred in dismissing his petition as untimely. *Id.* at 14. Specifically, Appellant argues that he met the newly-discovered fact exception under Section 9545(b)(1)(ii). *Id.* In support, Appellant contends that since the time of trial, he has maintained that the Commonwealth presented an edited version of his 2010 police interview to the jury. However, Appellant argues that because he has been unable to obtain any forensic analysis to prove that the video was altered, the evidence forming the basis for his claim "has yet to be actually 'discovered.'" *Id.* Appellant also argues that he exercised due diligence in attempting to obtain this information, as he notified prior counsel and obtained

funds required to retain an expert for a forensic review of the interview. ***Id.*** at 11-14.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgement of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered). If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

"It is well settled in Pennsylvania that the focus of the exception found at § 9545(b)(1)(ii) is on **newly-discovered** facts, not on newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." *Commonwealth v. Maxwell*, 232 A.3d 739, 745 (Pa. Super. 2020) (emphasis added). The plain language of the PCRA requires that the newly-discovered facts must have been "previously unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

Here, there is no dispute that Appellant's instant PCRA petition was facially untimely.[3]

---

[3] As noted previously, this Court affirmed Appellant's judgments of sentence at Docket Nos. 1997-2008 and 2072-2008 on January 8, 2014. Appellant did not file a petition for allowance of appeal with our Supreme Court; therefore, *(Footnote Continued Next Page)*

Here, the PCRA court addressed Appellant's timeliness claim as follows:

[Appellant] attempts to assert the second statutory exception based on "newly discovered" facts. It is clear from the record, however, that [Appellant] has been aware of [the] factual basis for his claim ever since the taped interview was played during his jury trial. In [Docket No.] 743-2009, [Appellant] wrote a letter to the court prior to his sentencing in which he stated the following:

A major frustration that I had during the trial was the so called "confession tape." A portion of the tape was deleted. During my interrogation Officer Samar was in my face screaming "you tell me what I want to hear or I will send you to federal prison and send you a gift of vaseline." I was confident the jury would take a dim view of the police doing this to me but conveniently it was deleted. I do not understand how the tape on which it was recorded during my interrogation can be transferred to CD and then the CD can be considered the "original." That is totally wrong of the police to pull this tactic. I am no molester nor did I have any intentions of molesting anyone but I felt backed into a corner by the police and I had to either cooperate and confess and accept counseling or not cooperate and be sent to prison for years. I wish I had access to that tape.

_____

his judgments of sentence became final on February 7, 2014. *See* 42 Pa.C.S. § 9545(b)(3) (stating that the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a).

At Docket No. 743-2009, our Supreme Court denied Appellant's petition for allowance of appeal on April 24, 2013. Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States; therefore, Appellant's judgment of sentence at Docket No. 743-2009 became final on July 23, 2013. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13(1).

Accordingly, Appellant had until February 7, 2015 at Docket Nos. 1997-2008 and 2072-2008 and July 23, 2014 at Docket No. 743-2009 to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Appellant's instant PCRA petition, filed on June 17, 2022, is therefore facially untimely.

- 7 -

*See* Order entered April 16, 2010 directing the clerk of courts to forward [Appellant's] letter to the district attorney and trial counsel pursuant to Rule 576 and the attached letter.

[Appellant] made a similar claim in [his] third PCRA petition filed on April 5, 2017 in cases 1997-2008 and 2072-2008. As part of a broad claim of police misconduct in his case, [Appellant] alleged the following:

> In addition, in February [of] 2017, [Appellant] was diagnosed with Post-Traumatic Stress Disorder (PTSD) by the prison psychiatrist Mr. Mobilaji, CRNP as having experienced multiple flashbacks and anxiety attacks that surfaced in November of 2016 of a suppressed memory of Old Lycoming Police Officer Michael Samar striking [Appellant] twice in the head with an open hand while standing over [Appellant] and yelling "you tell me what I want to hear or I will send you to a federal prison for years and send you a [gift] of Vaseline". [Appellant] is receiving therapy at SCI-Houtzdale. [Appellant] has no other known incident in his life's history to have caused the PTSD. Although this interrogation was conducted for [Appellant's] other case, [Docket No.] 743-2009, Det. Sgt. Kriner who investigated this case and testified for the [Commonwealth] was sitting in the room across the table from [Appellant] while Officer Samar assault[sic] [Appellant]. [Appellant] contends that the interrogation audio tape played at trial was edited and had deletions made to it to cover up the Officer's misconduct. [Appellant] believes that the audio recording should be examined by a forensic expert for deletions and editing.

(Third) PCRA petition, filed 04/05/2017, at ¶ 15.

\*    \*    \*

[Appellant's] petitions are patently untimely. He possessed sufficient information in April 2010 to seek [a] forensic analysis of the "taped confession" and to file a timely PCRA petition. Since his petition is untimely, the [PCRA] court lacks jurisdiction to hold an evidentiary hearing or grant [Appellant] any relief.

PCRA Ct. Op. at 6-8.

Based on our review of the record, we find that the PCRA court did not err when it dismissed Appellant's petition as untimely. *See Lawson*, 90 A.3d at 4. The record reflects that Appellant knew of this issue during trial. *See Maxwell*, 232 A.3d at 745. Indeed, in both his principal brief and his reply brief, Appellant acknowledged that he alleged during his trial that an edited version of his interview with the police was played for the jury. *See* Appellant's Brief at 15; Appellant's Reply Brief at 2. Accordingly, we conclude that Appellant has failed to overcome the PCRA's jurisdictional time bar, and we do not have jurisdiction to review the merits of Appellant's substantive claims. *See Cox*, 146 A.3d at 227; *Brown*, 111 A.3d at 175.[4] For these reasons, we affirm the PCRA court's order dismissing Appellant's untimely PCRA petition.

Order affirmed. Jurisdiction relinquished.

---

[4] Because we conclude Appellant's PCRA petition is untimely and that we do not have jurisdiction to review the merits of his claims, we need not address Appellant's claims concerning ineffective assistance of prior PCRA counsel nor his request for transcripts. Further, concerning Appellant's request for the appointment of counsel, we reiterate that the PCRA petition was untimely and therefore, no court has jurisdiction, and the appointment of counsel is not required. *See Commonwealth v. Ballance*, 203 A.3d 1027, 1033 (Pa. Super. 2019) (reiterating that this Court does not have jurisdiction to entertain appeals from the denial of untimely PCRA petitions without a petitioner pleading and proving an exception to the PCRA's jurisdictional time bar); *see also Commonwealth v. Jarmon*, 2020 WL 5513561 at *2 n.2 (Pa. Super. filed Sept. 14, 2020) (unpublished mem.) (concluding that the interests of justice did not require the appointment of counsel for the litigation of an untimely PCRA petition where an evidentiary hearing is not required); Pa.R.A.P. 126(b) (stating that this Court may cite to unpublished memoranda filed after May 1, 2019 for their persuasive value).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/30/2024